Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

_____CIVIL_____ Division

|  |  |  |
|---|---|---|
| Robert G. Eklund | ) | Case No. 8: 21 cv 2134 TPB - TGW |
|  | ) | *(to be filled in by the Clerk's Office)* |
|  | ) |  |
|  | ) |  |
| *Plaintiff(s)* | ) |  |
| *(Write the full name of each plaintiff who is filing this complaint.* | ) |  |
| *If the names of all the plaintiffs cannot fit in the space above,* | ) |  |
| *please write "see attached" in the space and attach an additional* | ) |  |
| *page with the full list of names.)* | ) |  |
| -v- | ) |  |
|  | ) |  |
| Whitney R. Pyle, Ashley M. Smith, Matthew R. Rheingans, Esq. Personal Representative for the estate of Decedent Cecelia G. Crigler | ) |  |
|  | ) |  |
|  | ) |  |
|  | ) |  |
| *Defendant(s)* | ) |  |
| *(Write the full name of each defendant who is being sued. If the* | ) |  |
| *names of all the defendants cannot fit in the space above, please* | ) |  |
| *write "see attached" in the space and attach an additional page* |  |  |
| *with the full list of names.)* |  |  |

## COMPLAINT AND REQUEST FOR INJUNCTION

### I.    The Parties to This Complaint

#### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Robert G. Eklund |
| Street Address | 6131 Misty Oaks Street |
| City and County | Sarasota, Sarasota County |
| State and Zip Code | Florida, 34243 |
| Telephone Number | (941) 483-0326 |
| E-mail Address | bob.eklund@gmail.com |

#### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title *(if known)*.  Attach additional pages if needed.



Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

Defendant No. 1

| | |
|---|---|
| Name | Whitney R. Pyle |
| Job or Title *(if known)* | VP/COO |
| Street Address | 5271 S. 300 W. |
| City and County | Marion, Grant County |
| State and Zip Code | Indiana 46953 |
| Telephone Number | (765) 667-1783 |
| E-mail Address *(if known)* | wbowers@advancedcabinetsystems.com |

Defendant No. 2

| | |
|---|---|
| Name | Ashley M. Smith |
| Job or Title *(if known)* | Nurse |
| Street Address | 100 Kaiwah Court |
| City and County | Georgetown, Scott County |
| State and Zip Code | Kentucky 40324 |
| Telephone Number | (859) 312-7217 |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | Matthew R. Rheingans, Esq. (Florida Bar No. 0624608 |
| Job or Title *(if known)* | Personal Representative of Decedent Cecelia M. Crigler |
| Street Address | 1314 East Venice Avenue Suite E |
| City and County | Venice, Sarasota County |
| State and Zip Code | Florida 34285 |
| Telephone Number | (941) 412-9000 |
| E-mail Address *(if known)* | matt@HRlaw1314.com |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

## II.      Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[ ] Federal question          [✔] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.      If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.
N/A

### B.      If the Basis for Jurisdiction Is Diversity of Citizenship

1.      The Plaintiff(s)

    a.      If the plaintiff is an individual

    The plaintiff, *(name)* Robert G. Eklund                          , is a citizen of the
    State of *(name)*  Florida                          .

    b.      If the plaintiff is a corporation

    The plaintiff, *(name)*                          , is incorporated
    under the laws of the State of *(name)*                          ,
    and has its principal place of business in the State of *(name)*
    _____ .

    *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.      The Defendant(s)

    a.      If the defendant is an individual

    The defendant, *(name)* Whitney R. Pyle                          , is a citizen of
    the State of *(name)*  Indiana                          . Or is a citizen of
    *(foreign nation)* _____ .

b.    If the defendant is a corporation

The defendant, *(name)* _____ , is incorporated under

the laws of the State of *(name)* _____ , and has its

principal place of business in the State of *(name)* _____ .

Or is incorporated under the laws of *(foreign nation)* _____ ,

and has its principal place of business in *(name)* _____ .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

The amount claimed accrued over 7.4 years of uncompensated caregiving, household expenses, and automobile purchases provided by Plaintiff for decedent Cecelia M. Crigler, a/k/a Cecelia G. Crigler, diagnosed and treated for breast and ovarian cancer, cardiomyopathy pulmonary fibrosis, lymphedema, renal failure, and chronic depression. Plaintiff, Robert G. Eklund, cohabitated with and was decedent's domestic partner and sole domestic caregiver.

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the injunction or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    Where did the events giving rise to your claim(s) occur?

The events giving rise to Plaintiff's complaint arose in Lexington, Kentucky, Sarasota, Florida, Venice, Florida, and Lakewood Ranch, Florida, as decedent Cecelia M. Crigler, a/k/a Cecelia G. Crigler, endured breast cancer (bilateral mastectomy w/reconstructive plastic surgery and implants), ovarian cancer (total hysterectomy with removal of ovaries and fallopian tubes and cantelope-sized cancerous tumor, and multi-year chemotherapy treatments, pulmonary fibrosis (genetic), cardiomyopathy (chemotherapy sideffect), lymphedema (cancer sideffect), renal failure (chemotherapy sideffect), and chronic depression.

B.    What date and approximate time did the events giving rise to your claim(s) occur?

Events giving rise to Plaintiff's complaint occurred at successive intervals of time between January 2014 and May 2021, and were the result of either medical diagnoses and/or surgical and/or pharmacological interventions dictated by established medical protocols for the treatment of specific diseases. Said events required the Plaintiff, acting as the sole caregiver to the decedent, to perform such duties required to support decedent in pre-op preparation, post-op recovery and day-to-day living with chronic diseases. Such duties included but were not limited to: wound care, bathing, food preparation, general housekeeping, grocery shopping, laundering, chauffering to medical appointments and ambulatory outings for shopping and entertainment.

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

C.      What are the facts underlying your claim(s)?  *(For example:  What happened to you?  Who did what? Was anyone else involved?  Who else saw what happened?)*

In addition to Plaintiff's uncompensated caregiving, Plaintiff made significant financial contributions in support of and for the benefit of both the domestic partnership and caregiving within the totality of the Plaintiff's 89-month relationship with the decedent Cecelia M. Crigler, a/k/a Cecelia G. Crigler, where caregiving is defined as; a lay individual who assumes responsibility for the physical and emotional needs of another who is incapable of self care. Such care was witnessed by decedent's medical practioners, neighbors, and friends. Decedent's daughters and defendants in this action of their own volition remained arms' length from the decedent throughout the decedent's numerous medical interventions and treatment regimens from July 2014 until February 2020. It was within the last three weeks of the decedent's life that decedent executed a new will removing all the financial compensatory protection heretofore afforded the Plaintiff vis-a-vis the previous will and POA.

## IV.     Irreparable Injury

Explain why monetary damages at a later time would not adequately compensate you for the injuries you sustained, are sustaining, or will sustain as a result of the events described above, or why such compensation could not be measured.

On May 25, 2021, at the age of 72, Plaintiff was rendered homeless and without an automobile subsequent to the execution of decedent's new will and POA signed under duress and while decedent was in terminal decline and did finally succumb to death 15-days hence on June 10, 2021, at Hospice of Sarasota. For 89-months between January 2014 and May 2021, Plaintiff contributed monies, the non-monetary equity in two late model Mercedes Benz automobiles, and uncompensated hours of caregiving to the benefit of the decedent Cecelia M. Crigler, a/k/a Cecelia G. Crigler, predicated upon a verbal agreement and certain legal documents: (i) decedent's Power of Attorney dated July 16, 2014, and (ii) decedent's Last Will & Testament dated October 12, 2015. These documents nominated Plaintiff sole beneficary of decedent's home(s) and automobile(s) and attorney-in-fact.

## V.      Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Plaintive seeks: (1) $385,200 for uncompensated caregiving: 32,500 hours at $12.00 per hour, (2) $53,400 for automobile monthly loan and/or lease payments, (3) $48,200 for non-monetary equity in two late model Mercedes Benz automobiles, (4) $26,700 for 50 percent of groceries, and (5) $12,000 miscellaneous landscape expenses for the four homes/condos decedent owned between January 2014 and May 2021.

Plaintiff seeks a total of $525,500.00 in monetary and/or equivalent relief.

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:              08/31/2021

Signature of Plaintiff    

Printed Name of Plaintiff    Robert G. Eklund

### B.    For Attorneys

Date of signing:    

Signature of Attorney    

Printed Name of Attorney    

Bar Number    

Name of Law Firm    

Street Address    

State and Zip Code    

Telephone Number    

E-mail Address

# UNITED STATES DISTRICT COURT

Middle District of Florida

Civil Division

**Complaint and Request for Injunction – Attachment: Additional Defendant Information**

II. Basis for Jurisdiction

B. Basis for Jurisdiction is Diversity of Citizenship

2. Additional Defendants:

- Ashley M. Smith is a citizen of the state of Kentucky.
- Matthew R. Rheingans, Esq. is a citizen of the state of Florida. Mr. Rheingans is the decedent's Personal Representative.

Respectfully submitted:

Robert G. Eklund, pro se

Plaintiff

August 31, 2021