## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ROBERT G. EKLUND
    Plaintiff,

v.                     CASE NO. 8:21-cv-2134-TPB-TGW

WHITNEY R. PYLE,
ASHLEY M. SMITH, *et al.,*
    Defendants.

### REPORT AND RECOMMENDATION

The plaintiff filed an affidavit of indigency pursuant to 28 U.S.C. 1915 (Doc. 2), seeking a waiver of the filing fee for his complaint alleging that he was not paid for being a caregiver to his domestic partner, decedent Cecilia M. Crigler (Doc. 1, p. 4).

Under 28 U.S.C. 1915(a)(1), the court may authorize the filing of a civil lawsuit without prepayment of fees if the plaintiff submits an affidavit that includes a statement of all assets showing an inability to pay the filing fee and a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigency, the case shall be dismissed if the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. 1915(e)(2)(B)(i), (ii).

Furthermore, although "allegations of a <u>pro se</u> complaint [are held] to less stringent standards than formal pleadings drafted by

lawyers....this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014). The plaintiff has not stated a cognizable complaint because he has not stated a claim showing that he is entitled to relief and that the court has jurisdiction over this matter. See Rule 8, F.R.Civ.P.

The plaintiff alleges that he is entitled to compensation for being the decedent's caregiver based upon a "verbal agreement" and "certain legal documents" (Doc. 1, pp. 4-5). He asserts diversity of citizenship as the basis for this court's jurisdiction (id. p. 3). He confirms that there are no federal laws alleged in this lawsuit (id.).

Diversity jurisdiction is established when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. 1332(a)(1). Furthermore, "[d]iversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998).

The plaintiff does not satisfy the requirements for complete diversity because he is a citizen of Florida, and he alleges that defendant Matthew R. Rheingans is also a Florida citizen (Doc. 1, pp. 3, 7). Thus, the

plaintiff is not diverse from every defendant.   Consequently, this court lacks subject matter jurisdiction over this case.  See Triggs v. John Crump Toyota, Inc., supra, 154 F.3d at 1287.

The plaintiff's complaint is also deficient in other respects.  For example, the plaintiff lists three defendants, but does not state the basis for his allegations of wrongdoing against each defendant.

Furthermore, it is insufficient for the plaintiff to allege in vague and conclusory terms that a "verbal agreement" and "certain legal documents" support his claim without alleging the substance of those agreements, and with whom they were made.  See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions"); Watts v. Florida International University, 495 F.3d 1289, 1295-96 (11th Cir. 2007) (The pleading must include sufficient facts from which there are "plausible grounds to infer" the required elements of each claim.).

In sum, construing the plaintiff's complaint liberally, Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), the plaintiff has failed to state a claim upon which relief may be granted. Accordingly, the complaint should be dismissed.  See 28 U.S.C.

3

1915(e)(2)(B)(ii).  In this circumstance, however, it is appropriate to permit the plaintiff to file an amended complaint that corrects the deficiencies.  <u>See</u> <u>Troville</u> v. <u>Venz</u>, 303 F.3d 1256, 1261 n.5 (11th Cir. 2002) (1915(e)(2)(B)(ii) dismissal does not allow the district court to dismiss an in forma pauperis complaint without allowing leave to amend as permitted under Rule 15, F.R.Civ.P.).

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: September 14, 2021.

## NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections.  28 U.S.C. 636(b)(1)(C).  Under 28 U.S.C. 636(b)(1), a party's failure to object to this report's proposed findings and recommendations waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions.